```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

AEL FINANCIAL, LLC,              )
                                 )
           Plaintiff,            )
                                 )
     v.                          )    No.  12 C 1020
                                 )
FOURNIER MANAGEMENT, LLC, etc.,  )
et al.,                          )
                                 )
           Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

Steven Prefontaine has filed what his lawyer labels a "Petition for Removal"[1] to bring this action from its place of origin in the Circuit Court of Lake County to this District Court. But because the Notice is deficient in its obligation to establish the existence of federal subject matter jurisdiction, this Court must--and does--remand the action to its place of origin in the state court system.

Notice ¶6 properly sets out the Michigan citizenship of both Steven and Michael Prefontaine, two of the three defendants in the case. But all that Notice ¶¶4 and 5 state as to plaintiff AEL Financial, LLC and codefendant Fournier Management, LLC is this:

---

[1] It has been quite a few years since that term was superseded by "notice of removal"--see 28 U.S.C. §1446(a). This opinion will employ that current vocabulary, referring to the provisions of the removal document as "Notice ¶--." While on the subject of shorthand references, any further citations to provisions of Title 28 will simply take the form "Section --."

> 4. Defendant was at the time of filing of the State Court action and presently is informed and believes that AEL FINANCIAL LLC is an Illinois LLC, with its principal place of business in Illinois. AEL FINANCIAL is not a citizen of Michigan.
>
> 5. Defendant Fournier Management, LLC, was at the time of filing of the State Court action and presently is a Michigan LLC with its principal place of business in the State of Michigan and is a citizen of Michigan.

As that language reflects, those paragraphs speak only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than a baker's dozen of years of repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of decisions since then, exemplified by <u>Hukic v. Aurora Loan Servs.</u>, 588 F.3d 420, 427 (7th Cir. 2009) and cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to lawyers in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for defense counsel's present lack of knowledge of such a firmly established principle, after well over a full decade's repetition by our Court of Appeals and others.

It is of course the burden of the party who seeks to invoke federal jurisdiction--the plaintiff in any action filed here in

the first instance, the defendant in any case brought here via removal--to establish the existence of federal subject matter jurisdiction. That burden has not been met here, so that Section 1447(c) mandates remand of the case. This Court so orders, and the Clerk of Court is directed to mail the certified copy of the order of remand to the Clerk of the Circuit Court of Lake County forthwith.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: February 15, 2012